Harpal KAUR, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–70099.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 24, 2007.

Filed Dec. 17, 2007.

Judith Lott, Newark, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, William C. Brown, Esq., Washington, DC, for Respondent.

Before: GIBSON *, BERZON, and BEA, Circuit Judges.

MEMORANDUM **

Harpal Kaur, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals denying her application for asylum, withholding of removal, and relief under the Convention Against Torture. Kaur contends that the Immigration Judge improperly dis-

---

* The Honorable John R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

missed her asylum application as untimely. Regarding her withholding of removal and Convention Against Torture claims, Kaur contests the IJ's adverse credibility ruling and contends that the IJ erred by not finding past persecution and a well-founded fear of future persecution. We dismiss the petition in part, and deny it in part.

■ We dismiss Kaur's asylum claim because we lack jurisdiction to review the factual question that was determinative of the one-year bar issue. The IJ denied Kaur's asylum claim because she failed to provide clear and convincing evidence that her application for asylum was filed within one year of arrival in the United States. *See* 8 U.S.C. § 1158(a)(2)(B). Before the passage of the Real ID Act of 2005, Pub.L. No. 109–13, Div. B, 119 Stat. 302, 303, we were prevented by statute from reviewing agency determinations of the one-year bar. 8 U.S.C. § 1158(a)(3). Although section 106 of the Real ID Act restored this court's jurisdiction over "constitutional claims" and "questions of law," 8 U.S.C. § 1252(a)(2)(D), Kaur's claim contesting the date of her arrival presents a factual question, which we lack jurisdiction to review. We, therefore, must dismiss her petition as to her asylum claim.

■ Substantial evidence supports the BIA's denial of Kaur's withholding of removal and Convention Against Torture claims based on the IJ's adverse credibility finding concerning corroborative documentation of her brother's political affiliation. We review adverse credibility findings under the substantial evidence standard, under which "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see INS v. Elias–Zacari-*

*as*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). An adverse credibility finding must be explained by specific, cogent reasons bearing a "legitimate nexus" to the finding. *Kumar v. Gonzales*, 444 F.3d 1043, 1050 (9th Cir.2006). In cases, such as this one, filed before May 11, 2005, the effective date of the Real ID Act, identified grounds underlying a negative credibility finding must go to the heart of the claim of persecution. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004); *see also* 8 U.S.C. § 1158(b)(1)(B)(iii) & note (stating different standard for asylum applications filed after effective date of Real ID Act). Inconsistencies go to the heart of the asylum claim if they relate to the basis of an applicant's alleged fear of persecution. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001).

Kaur claims she was persecuted on account of having her brother's political opinion imputed to her. The principal evidence Kaur offered to establish her brother's political involvement was a document reflecting his membership in Akali Dal Mann, a political organization. The inconsistent statements concerning how Kaur's parents obtained her brother's membership documentation go to the heart of Kaur's claim of persecution based on imputed political opinion. Doubt about how the document was produced casts doubt on her brother's involvement in the Akali Dal Mann, which was the alleged reason for the persecution of Kaur.

Kaur testified at her hearing that in February 2003, her mother mailed to her documentation reflecting her brother's membership in the Akali Dal Mann, that her brother had given their mother the document, and that the document was "lying at our home when my brother had become member." But during her asylum

interview, Kaur stated that the document was issued by the membership office in November 2002 in the village of Talani and that her brother had never carried the document. This inconsistency is significant. Without establishing clearly and convincingly that her brother was a member of the Akali Dal Mann and that she was persecuted on account of his political opinion, Kaur failed to prove either past persecution or a well-founded fear of future persecution on a protected ground.

We have previously rejected the agency's exclusive reliance on the Assessment to Refer to support its adverse credibility finding. *See Singh v. Gonzales,* 403 F.3d 1081, 1089–90 (9th Cir.2005). But in Kaur's case, most of the elements dispositive in Singh are not present. Unlike the applicant in *Singh,* Kaur was given the opportunity to explain the discrepancy at her hearing before the IJ. Her explanation of purported translation difficulties was rebutted by the live testimony of her translator at the asylum interview; his testimony indicated that Kaur's interview was conducted in her own language, Punjabi. Moreover, the translator's testimony attesting to his skill and experience in interpretation supports the IJ's reasoned rejection of Kaur's explanation for the discrepancy.

The IJ cited a cogent and factually supported reason to doubt Kaur's credibility that goes to the heart of her claim, namely, her contradictory testimony regarding the principal documentary evidence linking her to any political activity. Accordingly, we uphold the IJ's denial of withholding of removal. *See Li,* 378 F.3d at 964.

Finally, Kaur does not argue that the BIA erred in denying her claim under the

* Michael B. Mukasey is his predecessor, Alberto R. Gonzales, as Attorney General of the

Convention Against Torture. Even if she had preserved this argument, she could not prevail on it, since her only support for the claim was the very same testimony that has already been discredited. She did not adduce additional evidence that could have supported the Convention Against Torture claim.

PETITION FOR REVIEW DISMISSED IN PART, DENIED IN PART.